UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~

VICTOR WOODARD,

                      Plaintiff,

      vs.                                    8:05-CV-1343
                                               (DNH)(RFT)

HON. S. PETER FELDSTEIN, Acting Justice,
New York State Supreme Court, Clinton County,

                      Defendant.

~~~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:

VICTOR WOODARD
Plaintiff, *pro se*

DAVID N. HURD
United States District Judge

### DECISION and ORDER

*Pro se* plaintiff Victor Woodard has filed a complaint alleging the violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff has also filed an application seeking leave to proceed with this action *in forma pauperis* and a completed inmate authorization form.

In his *pro se* complaint, plaintiff states that Justice Feldstein issued a decision on September 29, 2004, denying plaintiff's state court petition for habeas corpus relief from his 1993 convictions on charges of burglary and robbery. Dkt. No. 1 at 23.[1] Plaintiff

---

[1] This decision was affirmed by the Appellate Division, Third Department on May 19, 2005, and the New York Court of Appeals denied plaintiff leave to appeal on September 15, 2005. Id. at 27 and ex. O.

Plaintiff's convictions were affirmed by the Appellate Division, Second Department, and the Court of Appeals denied leave to appeal. People v. Woodard, 221 A.D.2d 493 (2d Dept. 1995), lv. denied, 88 N.Y.2d 888 (1996). According to Justice Feldstein's

claims that the denial of his habeas petition violated his due process rights, denied him access to the courts, and hindered plaintiff's efforts to pursue his legal claims. Id. at 27-28. For a complete statement of plaintiff's claims, reference is made to the complaint.

Although the court has the duty to show liberality towards *pro se* litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed. See Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* notwithstanding fact that plaintiff has paid statutory filing fee).

Because plaintiff's complaint contains allegations of wrongdoing against a single defendant who, for the reasons discussed below, is absolutely immune from suit under 42 U.S.C. § 1983, this action must be dismissed.

The law in this Circuit clearly provides that "[j]udges enjoy **absolute immunity** from personal liability for 'acts committed within their judicial jurisdiction.'" Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting Pierson v. Ray, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Young, 41 F.3d at 51 (internal quotations omitted).

---

decision, plaintiff has filed at least two CPL Article 440 motions and at least twelve habeas corpus petitions challenging these convictions. Dkt. No. 1 ex. M..

It is clear that the determination of plaintiff's state court habeas petition was within the defendant's jurisdiction as an acting justice of the New York Supreme Court. Defendant Feldstein therefore enjoys absolute immunity from the claims asserted in the complaint and this action is dismissed.

In light of the dismissal of this action, plaintiff's *in forma pauperis* application (Dkt. No. 2) is denied as moot.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed for failure to state a claim against the named defendant upon which relief may be granted, and ti is further

ORDERED, that plaintiff's in forma pauperis application (Dkt. No. 2) is denied as moot, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff.

IT IS SO ORDERED.

United States District Judge

Dated: November 9, 2005
Utica, New York.